**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

MINNESOTA LIFE
INSURANCE CO.,

                           Plaintiff,

v.                                              CIVIL ACTION NO.   3:15-11255

ROGER A. JENKINS, et al,

                   Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion of Defendant Roger A. Jenkins for Judgment on the Pleadings as to the Said Defendant's Cross-Claims (ECF No. 17) and Plaintiff Minnesota Life Insurance Company's Motion for Deposit. ECF No. 22.   For the following reasons, the Court **GRANTS** both motions.

On July 16, 2015, Plaintiff Minnesota Life Insurance Company filed a Complaint in Interpleader asking this Court to require Defendants Roger A. Jenkins, Amanda Jenkins-Gray, and Amanda Jenkins-Gray, as Parent and Guardian of WB, a minor, to interplead and settle amongst themselves their respective rights to $110,000 in life insurance proceeds payable as a result of the death of Mildred Audray Jenkins, who was the wife of Defendant Roger A. Jenkins, mother of Defendant Amanda Jenkins-Gray, and grandmother of Defendant WB.   On August 5, 2015, Defendant Amanda Jenkins-Gray filed a pro se letter form Answer on behalf of herself and her son, WB, stating that she believed her mother's intent was for the proceeds to be divided equally amongst the three Defendants.   On August 7, 2015, Defendant Roger A. Jenkins filed an

Answer stating that he was named as "100%" beneficiary on the life insurance form and, therefore, he is entitled to the entirety of the proceeds. In addition, Defendant Roger A. Jenkins filed a counterclaim that he be declared the sole beneficiary under the policy and a cross-claim seeking the same against Defendant Amanda Jenkins-Gray, individually, and in her fiduciary capacity over Defendant WB. On September 8, 2015, Defendant Roger A. Jenkins filed a Motion for Judgment on the Pleadings with respect to his cross-claim. In that motion, Defendant Roger A. Jenkins also informed the Court that on August 31, 2015, he was appointed guardian of WB by the Family Court of Cabell County, West Virginia.

Given the fact that Defendant Amanda Jenkins-Gray was no longer the guardian of WB, the Court appointed John Proctor to serve as the guardian ad litem for WB for purposes of this litigation. The Court also directed that Plaintiff and Mr. Proctor respond to Defendant Roger A. Jenkin's Cross Motion for Judgment on the Pleadings on or before October 7, 2015. As Defendant Amanda Jenkins-Gray is acting *pro se*, the Court entered a separate order notifying her of her right to respond by October 7, and cautioning her that a failure to respond and submit supporting documentation may result in judgment being entered against her. Near the same time these two Orders were entered, Plaintiff also filed a Motion for Deposit.

On September 30, 2015, Defendant Roger A. Jenkins filed a Response to Plaintiff's motion. In his Response, Defendant Roger A. Jenkins states he agrees that the proceeds should be deposited with the Court. However, he objects to any attempt by Plaintiff to deduct attorney fees and costs from the proceeds, in that this controversy arose from the inadequacy of the designation of beneficiary form used by Plaintiff's affiliate, the Cabell County Board of Education

that employed the deceased.[1]    Mr. Proctor, on behalf of WB, also objects to any recovery of attorney's fees and costs by Plaintiff.   In addition, Mr. Proctor states that, after thoroughly reviewing the filings and evidence in this case and speaking with WB, both Mr. Proctor and WB agree that the proceeds are payable to Defendant Roger A. Jenkins as the sole beneficiary. Therefore, Defendant WB recommends that Defendant Roger A. Jenkins' Motion for Judgment on the Pleadings be granted.   Despite notice, Defendant Amanda Jenkins-Gray did not respond.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).   In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).   Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256.   Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[1]Plaintiff disputes that it is an affiliate with the Cabell County Board of Education.

-3-

322-23 (1986).   The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

In reviewing the evidence in this case, it is clear that Defendant Roger A. Jenkins is entitled to the entire proceeds.   The beneficiary form at issue certainly is not the model of clarity as all three Defendants are listed in separate boxes as beneficiaries under both the basic and optional life insurance sections.   Nevertheless, in separate boxes after each name is a place to write the "Distribution %."   After Defendant Roger A. Jenkins' name in both sections is hand-written "100%."   There is no percentage amount listed after either Defendant Amanda Jenkins-Gray's name or WB's name in either section.

The form is signed by the deceased and Claudia Stevens, who served as the Benefits Coordinator for the Cabell County Board of Education.   Defendant Roger A. Jenkins submitted an affidavit from Ms. Stevens.   Ms. Stevens averred that she specifically and distinctly recalls the deceased completing the form in her office and making it very clear that the insurance proceeds were to go entirely to her husband if he survived her.   Ms. Stevens further stated that the deceased told her that Defendants Amanda Jenkins-Gray and WB only should get benefits if her husband did not survive her.   Defendant Amanda Jenkins-Gray has not responded to the motion or submitted any evidence to the contrary.

Accordingly, the Court **FINDS** there is no genuine issue as to any material fact and Defendant Roger A. Jenkins is entitled to judgment as a matter of law.   Therefore, the Court **GRANTS** Defendant Roger A. Jenkins' Judgment on the Pleadings as to the Said Defendant's

Cross-Claims. ECF No. 17.   In addition, at this point, Plaintiff Minnesota Life Insurance Company has not requested the Court grant it an award for reimbursement of attorney's fees or costs.   Thus, Defendant Roger A. Jenkins and WB's objections to Plaintiff's Motion for Deposit is premature, and the Court **GRANTS** the motion. ECF No. 22.   The Court **DIRECTS** Plaintiff to tender a check to the Clerk of Court in the amount of $110,000, together with any applicable interest, and the Court **DIRECTS** the Clerk of this Court to deposit the same in an interest bearing account.   If Plaintiff seeks attorney's fees and costs, it must file a motion **on or before October 20, 2015**, with any supporting documentation.   If no motion is filed, the Court will enter an Order directing the Clerk to disburse the full amount of the funds to Defendant Roger A. Jenkins.   The Court further will **HOLD IN ABEYANCE** Mr. Proctor's request for attorney's fees and costs until the proceeds are disbursed.

          The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, and any unrepresented parties.

          ENTER:        October 13, 2015

          ROBERT C. CHAMBERS, CHIEF JUDGE